## AFFIDAVIT OF ATF SPECIAL AGENT JOHN L. KELTER

I, John L. Kelter, being duly sworn, depose and state under oath as follows:

### INTRODUCTION

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") and have been so employed for approximately thirteen years. Prior to my employment with ATF, I was a duly sworn police officer in the City of Lynn, Massachusetts, for approximately seven years.

2. I am currently assigned to work with other federal, state, and local law enforcement agencies in a task force effort focusing on federal firearms, explosives and controlled substance violations. Based on my training and experience as an ATF Special Agent, I am familiar with federal firearms and narcotics laws and know that it is a violation of 18 U.S.C. §922(a)(1)(A) for a person to deal in firearms without a license, and a violation of 21 U.S.C. §841(a)(1) to distribute heroin.

3. Based upon the facts set forth herein, there is probable cause to believe that RICARDO CHACON-LOPEZ has violated 18 U.S.C. §922(a)(1)(A) by dealing in firearms without a license and 21 U.S.C. §841(a)(1) by distributing heroin.

4. The information contained in this affidavit is based on my personal involvement in this investigation, my training and experience, information provided to me by other law enforcement officers, and information provided to me by a cooperating witness ("CW"). This affidavit does not contain every fact known to me relative to this investigation, only the facts necessary to establish probable cause for the issuance of a federal complaint.

5. On March 23, 2015, a cooperating witness working for the ATF arranged with an individual identified as Jaime Torres to purchase 10 grams (a "finger") of heroin and two handguns from Torres. In an unmonitored call, the CW arranged to purchase the heroin and handguns for $1600.

6. The firearms and heroin deal eventually took place at a Wal-Mart parking lot in Salem, Massachusetts. Prior to the deal, the CW was searched by agents for contraband, as was the vehicle that the CW was using, and no contraband was found. The CW was then equipped with a recording device as well as provided with U.S. currency in order to finalize the firearms and heroin deal. The CW was thereafter under constant surveillance from the location where the CW met with agents/officers to the Wal-Mart parking lot in Salem.

7. At approximately 1 p.m., Torres was observed arriving with Defendant CHACON-LOPEZ in a Toyota 4 Runner with Torres. Surveillance agents/officers observed CHACON-LOPEZ enter the CW's vehicle. In the vehicle, CHACON-LOPEZ provided the CW with approximately 10 grams of heroin and 2 handguns – (1) a Sedco Industries, Model SP-22, .22 caliber pistol (serial number 011400), loaded with four rounds of ammunition; and (2) a Star Bonifacio, 9mm pistol (serial number 32047), loaded with six rounds of ammunition. After the deal was consummated, both CHACON-LOPEZ and Torres were arrested at the scene by agents/officers. CHACON was arrested on state charges. Following his arrest, CHACON-LOPEZ was interviewed, and admitted that he had sold two handguns and heroin to the CW.

8. I have confirmed that Defendant does not have a license to deal in firearms.

## CONCLUSION

9. Based on all of the facts and opinions set forth in this affidavit, there is probable cause to believe that RICARDO CHACON-LOPEZ has committed the following federal crimes (1) distribution of heroin in violation of 21 U.S.C. §841(a)(1), and (2) illegally dealing in firearms without a license in violation of 18 U.S.C. §922(a)(1)(A).

_____
John L. Kelter, Special Agent
Bureau of Alcohol, Tobacco,
Firearms and Explosives

Sworn to before me this 1st day of October 2015.

_____
Hon. Judith G. Dein
United States Magistrate Judge